■ DELROY, INC., Respondent, v. SHOWCASE NATIONAL CORPORATION, Appellant.— Judgment and order granting summary judgment unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant and motion for summary judgment denied. Triable issues exist as to whether plaintiff's services were rendered in reliance upon the individual obligation of Mildred Puddington to pay, or upon the obligation of the separate corporations. A triable issue also exists as to whether the monthly retainer providing for payment of $1,500 per month to the plaintiff was suspended for the months of June, 1963 through December, 1963. It is clear that the plaintiff did not bill for these months. The truth of his explanation that he failed to do so for income tax purposes cannot be determined on affidavits. Concur — McNally, J. P., Stevens, Steuer, Capozzoli and Bastow, JJ.

■ SAMUEL K. FIELD, Respondent, v. AUTOMOBILE CLUB OF NEW YORK, Appellant.— Judgment of Civil Court and determination of Appellate Term affirming said judgment, unanimously reversed, on the law and on the facts, and complaint dismissed, with $50 costs and disbursements to appellant. The judgment for plaintiff is based upon a finding that defendant breached its contract with plaintiff to furnish emergency road service to him at such time as his motor vehicle might be disabled. The trial court found that plaintiff thereby sustained a respiratory infection with resulting special damages. A party may recover not only for such damages as normally or naturally result from the breach of the contract but also may show special circumstances known to the defendant at the time of making the contract, which would give notice to him that a breach of the contract would result in special loss not normally flowing from such breach (*Hughes Tool Co.* v. *United Artists Corp.*, 279 App. Div. 417, 419, affd. 304 N. Y 942; 1 Clark, New York Law of Damages, § 23). The proof is that plaintiff for many years had been allergic to various dusts and pollens which made him more subject to asthmatic bronchitis than a normal person. It was contended, and so the trial court in substance found, that the delay of defendant in furnishing emergency road service was the proximate cause of the disabling respiratory infection. Assuming the correctness of this finding there is no proof that defendant had notice of plaintiff's allergy and that a breach of the contract might result in a special loss to plaintiff that would not normally flow from such breach. Moreover, the contract at bar does not provide for the time within which to furnish the emergency road service. A reasonable time is to be implied consistent with the particular facts and circumstances. (*Berke* v. *Sherman*, 213 N. Y. S. 2d 210, 213 [SCILEPPI, J.], affd. 15 A D 2d 548.) On January 1, 1963 the temperature was below freezing (22 degrees Fahrenheit). The normal daily emergency calls to the appellant average 1,500; on January 1, 1963 they were over 8,000. Respondent's automobile was located at the New York end of the Lincoln Tunnel, heavily burdened with holiday traffic. In the circumstances, the appellant did not unreasonably delay in furnishing emergency service to the respondent. Concur — McNally, J. P., Stevens, Steuer and Bastow, JJ.